[No. 862.  Decided April 14, 1893.]

THE FIRST NATIONAL BANK OF SEATTLE AND FRED BENSE, *Appellants,* v. JAMES H. WOOLERY, *Sheriff,* AND HENRY BODE, *Respondents.*

CHATTEL MORTGAGES—SALE BY HOLDER OF ONE NOTE—WHAT TITLE PASSES—DISTRIBUTION OF PROCEEDS.

Where one chattel mortgage is given to secure three promissory notes to different parties, and the holder of one of the notes, under the power of sale contained in the mortgage, has the entire property sold without the holders of the other notes being made parties thereto, the entire title to the property passes to the purchaser, and all the mortgagees are entitled to share *pro rata* in the proceeds of the sale.

The fact that the property was purchased at the foreclosure sale in the interest of the note holders who had no part in instituting the proceeding, does not estop them from maintaining an action to secure a *pro rata* distribution of the fund arising from such sale.

*Appeal from Superior Court, King County.*

Action by the First National Bank of Seattle and Fred Bense against James H. Woolery, as sheriff, and Henry Bode, praying an injunction to restrain the sheriff from

paying over to defendant Bode the amount realized on a foreclosure sale of certain mortgaged personalty, on the ground that plaintiffs, who had been secured by the same mortgage on certain other notes, were entitled to a *pro rata* share of the proceeds, and praying the court to distribute the fund arising from said sale *pro rata*.   On the final hearing the cause was submitted to the court on an agreed statement of facts, the plaintiff reserving objections to certain facts.   The court dismissed the plaintiff's action, holding that the effect of the sale was to convey an undivided interest in the mortgaged property and that plaintiffs' mortgage still remained a lien upon the mortgaged property, and could be enforced against the same.   From such judgment plaintiffs appeal.

*Struve & McMicken*, and *James Kiefer*, for appellants.
*Burke, Shepard & Woods* (*Charles E. Shepard*, of counsel), for respondents.

The opinion of the court was delivered by

Hoyt, J.— The decision of this case must turn entirely upon the construction which is to be given to the power of sale contained in a certain chattel mortgage set out in the record.   Such chattel mortgage was given to secure the payment of three several promissory notes, all of the same date, and maturing at the same time, but executed to different parties.   A sale of the entire property was had at the instance of the holder of one of the notes without the holders of the other notes having been in any manner made parties thereto.

Under these circumstances what kind of title was passed to the purchaser at such sale?   It is argued upon the part of the respondent Bode that only such a proportionate interest thereof was passed as the note held by him bore to the entire indebtedness secured by the mortgage.   On

the other hand the appellants contend that such sale, whether made at the instance of one, or all, of the holders of said notes, passed the entire title to the property, and must be held to have been made in the interest of all of such holders. It is evident that if either one of the parties interested in said mortgage had sought to foreclose the same in a court of equity, it would have been necessary that he should have made all interested, parties to the action, and any sale of the property decreed by the court would have passed the entire title, and the proceeds of such sale would have belonged proportionately to the holders of all the notes. If this is so, it is because there being but one mortgage the mortgagors could not rightfully be called upon to respond to several distinct foreclosure suits. But if this is true as to a foreclosure in equity, it should also be true as to a foreclosure under the power of sale contained in the mortgage. The object of the insertion of such power of sale was to enable the mortgage to be foreclosed and the interest of the mortgagors in the property divested without a suit in equity. There was only one power of sale and that was inserted for the benefit of all the note holders. It cannot, with reason, be said that each of the note holders held a separate mortgage upon such an undivided interest in the property as the note held by him bore to the entire amount thereby secured. There was but one mortgage, and that covered all the property. And if the machinery of the law had to be set in force to foreclose the same, it must be thus set in force as to the whole of the mortgage and the entire interest of the mortgagors in the property. It would be no more competent for the holder of one of the notes to thus separately foreclose as to any particular interest in said mortgage and property than it would have been for him to have gone into a court of equity and asked that an undivided interest in said mortgage and property be foreclosed for his benefit.

We must, therefore, hold that the foreclosure instituted by the respondent Bode was a foreclosure of the mortgage as a whole, and upon the entire interest of the mortgagors, or those holding under them, in the property. From which it will follow that any sale made thereunder would, under ordinary circumstances, convey to the purchaser the entire interest that the mortgagors had in the property at the date of the mortgage, and that the proceeds of such sale would be held by the sheriff who made the sale, or the note holder at whose instance it was made, for the benefit of himself and the other note holders in proportion to their interests.

Does the fact that at the sale the property was purchased in the interest of the other note holders change this general rule? We see no reason whatever for holding that it does. We know of no reason why the note holder instituting the proceeding could not himself become a purchaser at the sale without waiving any of his rights growing therefrom, and if he could become such purchaser it seems clear that the other note holders might do the same. There is nothing in the case, as we see it, which tends in any manner to estop the plaintiffs from maintaining this action. There was no notice of any reservation at the time of the sale, and the entire property was put up and sold. We are unable to see how the fact that the purchase thereat was made in the interest of these plaintiffs could in any manner injure the defendants. The facts of the case show that the sale was an open one, and everybody, including the defendant Bode, had an opportunity to bid. In our opinion the plaintiffs were not estopped by their acts from asserting their rights to the proceeds of the mortgaged property, nor do we think that by making such purchase they in any manner became the agents of the respondent Bode. But if they did, we do not think that such fact would constitute a defense in this action. If, by reason

of any such constructive agency, they now hold the property or any interest therein for the benefit of the respondent Bode it is competent for him to compel a sale thereof and a division of the proceeds, but that fact would not prevent the plaintiffs from asserting their rights to the money in the hands of the respondents derived from the sale under the foreclosure proceeding.

This discussion, although not covering all of the questions argued by the respondents, does, in our opinion, cover all that are reasonably involved in the case made by the statement of facts contained in the record. In our opinion, the objections of the plaintiffs to the 8th, 9th, 10th, 13th, 14th and 15th paragraphs of said statement of facts were well taken, and that the facts contained in these paragraphs were immaterial and could have no effect upon the merits of the controversy, and what we have said is enough to determine all the questions raised by the other paragraphs.

The judgment must be reversed, and the cause remanded with instructions to divide the funds derived from the mortgage sale among the several note holders in such proportions as the amount of their respective notes bears to the amount of the entire indebtedness.

DUNBAR, C. J., and ANDERS, J., concur.

SCOTT, J., dissents.

STILES, J. — I concur in the disposition of the case made by the foregoing opinion. But in my judgment the sale was a void one, because the mortgage did not authorize either mortgagee to sell either a part or the whole of the property for his own debt alone.